## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

BRANDON WICHERT,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        Case No. CIV-21-976-D
                                    )
OHIO SECURITY INSURANCE             )
COMPANY,                            )
                                    )
            Defendant.              )

## O R D E R

Before the Court is Defendant's Motion to Dismiss [Doc. No. 3], filed under Fed.

R. Civ. P. 12(b)(3).   Defendant seeks the dismissal of this case for improper venue under

28 U.S.C. § 1391(b) and, alternatively, argues in its brief that the case should be transferred

under 28 U.S.C. § 1404(a) to the Western District of Missouri.   *See* Def.'s Mot. at 9-12.

Plaintiff opposes the Motion in all respects.   *See* Resp. Br. [Doc. No. 7]. Defendant has

filed a timely Reply [Doc. No. 8].   Thus, the Motion is fully briefed and at issue.[1]

Plaintiff commenced this action in the District Court of Oklahoma County,

Oklahoma, asserting claims for breach of an insurance policy between Defendant and his

employer due to a denial of coverage for injuries he sustained as a passenger in an insured

vehicle, and breach of an insurer's duty of good faith and fair dealing in the handling of his

insurance claim under the policy. According to Plaintiff's allegations, he is an Oklahoma

---

[1]   Defendant recently filed a Motion for Leave to File a Supplemental Exhibit to Its Motion to Dismiss [Doc. No. 9] to add an affidavit that provides information regarding the subject vehicle. For the reasons discussed *infra*, the Court finds this information would not affect its ruling.

resident who was employed in Oklahoma; the insured vehicle was driven by a coworker who also resided and was employed in Oklahoma and garaged the vehicle here; his employer was located in Missouri and purchased the insurance policy there; the motor vehicle accident occurred in Tennessee; Plaintiff has received ongoing medical treatment for his injuries and workers' compensation benefits in Oklahoma; and Defendant is a corporate citizen of New Hampshire and Massachusetts. Defendant timely removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

## Motion to Dismiss

Defendant seeks a dismissal for improper venue based on an assertion that, applying the general venue statute in 28 U.S.C. § 1391(b), Plaintiff has failed to allege or show that this judicial district is a proper venue for this action. Plaintiff opposes this assertion by arguing the merits of his claims and alleging that substantial events giving rise to his claims occurred in Oklahoma, apparently alluding to venue under § 1391(b)(2).   *See* Resp. Br. at 10-11. In reply, Defendant repeats its argument that Plaintiff has failed to allege proper venue in this district.   *See* Reply Br. at 1-2

The Court finds that the parties' arguments are misguided.   Plaintiff did not file suit here and had no burden to plead a federal venue. The federal removal statutes determine the proper venue for a removed case, and Defendant as the removing party bore the burden to allege the statutes were satisfied.   *See Polizzi v. Cowles Mags., Inc.*, 345 U.S. 663, 665 (1953) ("§ 1391 has no application to this case because this is a removed action. The venue of removed actions is governed by 28 U.S.C. § 1441(a) . . . ."); *see also* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from

a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 . . . .”). Because this action was removed from a state court within this judicial district, venue is proper under 28 U.S.C. § 1441(a).   Defendant alleged the satisfaction of this provision in its pleading.   *See* Notice of Removal [Doc. No. 1] ¶ 4.   Therefore, the Court finds no basis for dismissal of Plaintiff's action for improper venue.

### Transfer of Venue

Defendant makes an alternative argument that this action should be transferred in the interest of justice under 28 U.S.C. § 1404(a) to a more convenient forum where it could have been brought. Although Defendant did formally move for a transfer of venue, Plaintiff does not oppose the argument on this basis.   Further, the Tenth Circuit has held that any party, or the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice.   *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1545 (10th Cir. 1996) (interest of justice mandated transfer of venue even without a § 1404(a) motion). Accordingly, the Court will consider the issue of whether to order a permissive transfer of venue to the Western District of Missouri, where Plaintiff's employer (Defendant's insured) is headquartered.

Defendant recognizes that it has the burden to show this forum is inconvenient. *See* Reply Br. at 4 (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991)); *see also Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (“The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient.”). Plaintiff opposes a

transfer on the ground that Defendant has failed to carry its burden. Plaintiff does not dispute that this action could have been brought in the Western District of Missouri, but Plaintiff asserts that Defendant has made an insufficient showing to warrant a transfer that would deprive him of a forum in Oklahoma.

The court of appeals has directed district courts considering a § 1404 transfer to weigh the following discretionary factors:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Bartile Roofs*, 618 F.3d at 1167 (quoting *Chrysler*, 928 F.2d at 1516).   Although both parties acknowledge these factors, their briefs primarily address whether Plaintiff's claims are governed by Oklahoma or Missouri law.   *See* Def.'s Mot. at 9-10; Resp. Br. at 17-20; Reply Br. at 5-7.

Upon consideration of the appropriate factors, the Court finds that the first one weighs heavily against a transfer. "[T]he plaintiff's choice of forum should rarely be disturbed" unless the balance of factors strongly favors the movant.   *Bartile Roofs*, 618 F.3d at 1167-68 (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)). The court of appeals has recognized exceptions to this rule, such as "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."   *Id*. at 1168. In this case, however, Plaintiff both resides in Oklahoma and was

treated for his injuries here. Plaintiff alleges that his witnesses and evidence regarding the insured loss and the denial of coverage are located here.   *See* Resp. Br. at 15-16.   Thus, because some facts related to this lawsuit are connected to Oklahoma, Plaintiff's choice of forum weighs strongly in favor of retaining the case in this district.

Turning to the other factors, the Court finds that Defendant has not shown why this forum is inconvenient or why its proposed forum is a better choice. Defendant points out that Plaintiff's employer is located in Missouri and purchased the insurance policy there, and it argues that "Missouri has a strong connection to the subject matter of this action." *See* Def.'s Mot. at 9.   However, Defendant does not identify any necessary witness or source of proof located in the Western District of Missouri; it addresses the second factor with a vague argument that "the Western District of Oklahoma is no more likely than the Western District of Missouri to have greater access to witnesses and evidence."   *Id.* at 11.[2] In fact, as the Court reads Defendant's arguments regarding the second through sixth factors, Defendant views these considerations as neutral.   *See id.*   Defendant instead seems to focus its case for transfer on the seventh and eight factors and its position that Missouri law will apply.   *Id.* ("the possibility of existence of questions arising in the area of conflict of laws and the advantage of having a local court determine questions of local law weigh heavily in favor of litigating in Missouri").

---

[2]   To demonstrate inconvenience based on the accessibility of witnesses, "the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *Bartile Roofs*, 618 F.3d at 1169 (internal quotation omitted).

The Court has serious reservations about Defendant's position on several factors. Defendant ignores Plaintiff's arguments, for example, that his witnesses and sources of proof are located in Oklahoma and would be beyond the subpoena power of a federal court in Missouri and that the financial burden on him would be greatly increased by litigating his case in Missouri. However, the Court need not resolve these questions because it finds that Defendant has failed to carry its burden to justify the requested transfer. Any choice of law issue or application of Missouri law is not entitled to great weight because Defendant does not contend the action involves complex legal issues, the relevant laws of Oklahoma and Missouri are significantly different, or that either federal judge is better qualified to decide the state law issues presented.   *See Bartile Roofs*, 618 F.3d at 1170.

For these reasons the Court finds that Defendant has failed to demonstrate that a transfer of venue would serve the interest of justice under § 1404(a).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss [Doc. No. 3] is **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File a Supplemental Exhibit to Its Motion to Dismiss [Doc. No. 9] is **DENIED** as moot.

**IT IS SO ORDERED** this 3rd day of December, 2021.

_____

TIMOTHY D. DeGIUSTI
Chief United States District Judge