Philip D. Ryan
Rick W. Bisher *
Charles T. Simons
Tim Kent

Of Counsel:
Patrick C. Ryan

*RWB Legal Inc.



**RYAN BISHER RYAN & SIMONS**
*Attorneys at Law*

www.rbrlawfirm.com
RBRS Legal Group, PLLC
4323 N.W. 63rd Street, Suite 110
Oklahoma City, Oklahoma 73116-1513
Phone: 405.528.4567 ~ Facsimile: 405.525.2123
Toll Free: 1.800.725.2222

LIFE MEMBER
MILLION DOLLAR ADVOCATES FORUM
MULTI-MILLION DOLLAR ADVOCATES FORUM
The Top Trial Lawyers in America ™

Rick W. Bisher, Esq.
Admitted to the United States Supreme Court and all
Federal and State District Courts in Oklahoma
rbisher@rbrlawfirm.com

Legal Assistants Assigned to R. Bisher:
Dimples Carson
Karen Odom
Teresa Johnson

---

Wednesday, September 30, 2020

Kellie Correia
Liberty Mutual Insurance - San Diego, CA
PO Box 515097
Los Angeles, CA 90051

      Re:    Client:         Brandon Wichert
            Your Insured:  Brandon Wichert
            Claim No.     23840824
            Date of Loss:  May 15, 2019

Dear Kellie:

    I hope this finds you well. I have requested total payment information from the workers' compensation carrier and will provide that to you however it is my understanding that you have the contact information for the carrier's attorney, Kristi Funck, and you may obtain the information directly from the attorney. I have enclosed the Joint Petition for your file, which shows the settlement amount in the workers' compensation claim.

    This is an uninsured motorist claim by operation of law. The coworker driver caused the accident. As a matter of law Brandon cannot maintain a claim against the coworker (collect under the liability policy), therefore by operation of law the negligent party is uninsured, and he is entitled to uninsured motorist benefits.

        Appellant seeks to distinguish *Barfield* on the basis that here we are dealing with an insurance policy purchased and paid for by the employer and, thus, the decedent is only a Class 2 insured by virtue of his occupancy of the vehicle, rather than a Class 1 named insured as involved in *Barfield*. Appellant insists in the situation of a Class 2 insured the term legally entitled to recover damages should be given a more restrictive meaning than in *Barfield* such that the insured be required to prove more than fault on the part of the tortfeasor giving rise to damages and the extent of those damages. It argues instead the insured must actually show damages would be recoverable in a direct action against the tortfeasor, something which cannot be shown here because of the immunity provided to the coemployee by the exclusivity of the workers' compensation laws. Appellant also notes we have recognized distinctions between Class 1 and Class 2

**EXHIBIT "13"**

insureds in our stacking cases [*See e.g., Babcock v. Adkins,* 695 P.2d 1340 (Okla.1984); *Stanton v. American Mutual Liability Insurance Company,* 747 P.2d 945 (Okla.1987) ] and argues a similar distinction should be made here in the treatment of Class 1 and Class 2 insureds. We do not agree.

Assuming for the purposes of this opinion decedent was a Class 2 insured under the UM endorsement[5] and, thus, an insured merely by virtue of his occupancy in a covered vehicle we fail to see how such fact necessitates a different meaning be given to the phrase legally entitled to recover damages than that espoused in *Uptegraft, Karlson* and *Barfield.* The important and overriding determination in our view is whether the party attempting to recover under the UM endorsement is an insured under the policy, a status decedent met here, as admitted by appellant. *Babcock v. Adkins,* 695 P.2d at 1342; *Shepard v. Farmers Insurance Company, Inc.,* 678 P.2d 250, 252 (Okla.1983).

We likewise do not believe the fact decedent did not pay the premiums on the instant coverage should bar recovery. In our view, focusing on who paid the premium is in essence the same argument cast in a little different light than focusing on the status of the insured as Class 1 or Class 2 for the reason most, if not all, Class 2 insureds will have paid no premium. In *Heavner v. Farmers Insurance Company,* 663 P.2d 730 (Okla.1983), we specifically rejected the view that an insured under an UM endorsement by virtue of his being a passenger in a vehicle driven by the named insured in the policy at issue should be precluded from receiving UM benefits *413 merely because he had paid no premium for the coverage. *Id.* at 731–732.

3 Appellant also asserts that if recovery is allowed in this case it will have no subrogation rights against the negligent coemployee tortfeasor because of the immunity afforded by the workers' compensation laws, rights it says we have recognized are subject to protection. Appellant misreads our cases. Torres v. Kansas City Fire & Marine Ins. Co., 1993 OK 32, 849 P.2d 407, 412–13.

I will be providing you with a demand and provide you medical records for your review. In the interim if you need an executed authorization to release medical records so you can conduct your own investigation please let me know. Thank you.

Respectfully,

Rick W. Bisher

RWB/rb
Enclosure

**CC-JOINT PETITION**

Send original and 6 copies to the Workers' Compensation Commission

In re Claim of: (Please type or Print ALL information legibly in ink.)

| Claimant's Full Name (Injured Employee) |
|---|
| BRANDON J. WICHERT |

| Injured Employee's Social Security Number (LAST 5 DIGITS ONLY) |
|---|
| XXX-X X-8880 |

| Name of Employer |
|---|
| RE-VIEW WINDOWS, INC. |

| Employer's Insurance Carrier, Permit # for Individual Self-Insured or Own Risk Group, Uninsured |
|---|
| ARGONAUT INSURANCE COMPANY |

**WORKERS' COMPENSATION COMMISSION**
**1915 NORTH STILES AVENUE STE 231**
**OKLAHOMA CITY, OK 73105**

| Commission File Number |
|---|
| CM2019-08128-Q |

| Date of Injury |
|---|
| 05/16/2019 |

Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony, punishable by imprisonment, a fine or both.

THIS SPACE FOR COMMISSION USE ONLY

ORDER FILED
SEP 0 3 2020
WORKERS' COMPENSATION COMMISSION

## JOINT PETITION SETTLEMENT

This agreement is prepared and submitted pursuant to the Administrative Workers' Compensation Act, Title 85A of the Oklahoma Statutes. By signing below, each party affirms that they have read and understand its provisions, declares under penalty of perjury that all statements are true and accurate to the best of their knowledge and belief, and understands that the agreement, if approved by the Workers' Compensation Commission, is conclusive, final and binding on all the parties involved.

BY THIS AGREEMENT, the parties settle upon and determine (check one):

☒ ALL ISSUES AND MATTERS IN THE CLAIM
(Settlement and Resolution of Claim With Full Release)

☐ SOME, BUT NOT ALL, ISSUES AND MATTERS IN THE CLAIM — Attach appendix of all outstanding issues. The appendix is subject to approval by the Workers' Compensation Commission. It MUST accompany the CC-JOINT PETITION, and be dated and signed by all parties under penalty of perjury.

1. It is hereby agreed by and between the above named parties that the claimant alleges to have sustained a compensable accidental injury or occupational disease or illness on or about MAY 16, 2019, while in the employ of the employer, causing the following injury (describe nature of injury) HEAD, FACE & ANY & ALL INJURIES SUSTAINED ON OR ABOUT MAY 16, 2019, KNOWN OR UNKNOWN and resulting in temporary total disability from MAY 20, 2019 to SEPTEMBER 18, 2019 or for a period of 16 weeks, _____ days, for which the claimant received $ 9,718.40 in compensation from the employer/insurance carrier. The claimant's average weekly wage before the injury entitles the claimant to a compensation rate of $ 607.40 for Temporary Total Disability and $ 350.00 for Permanent Partial Disability.

2. A claim for compensation was filed by the claimant for the injury, or, if the claimant is not represented by an attorney, an Employer's First Notice of Injury (CC-Form-2) was filed by the employer for the injury, and the Workers' Compensation Commission has jurisdiction in this matter.

3. This is an agreement in which the claimant agrees to accept $ 40,000.00 in full and final settlement of all claims for: (describe injury) HEAD, FACE & ANY & ALL INJURIES SUSTAINED ON OR ABOUT MAY 16, 2019, KNOWN OR UNKNOWN sustained as a result of the accident referred to above, including any claim by the claimant for past, present and future compensation for temporary total disability, temporary partial disability, permanent partial disability or permanent total disability, statutory medical treatment, physical and vocational rehabilitation benefits, or loss of wage earning capacity, as a result of any and all injuries sustained in the accident. This sum is in addition to any previous amount(s) paid to the claimant, and any amount(s) for authorized, reasonable and necessary medical and rehabilitative expenses previously incurred by the claimant due to the injury. Of said sum, $ 36,750.00 shall be paid for permanent partial disability ( 30 %) to BODY AS A WHOLE (HEAD/FACE) and $ 3,250.00 shall be paid for BONUS

4. For Social Security offset purposes, and if applicable, the claimant agrees to accept and the employer/carrier agrees to pay a lump sum of $ _____ for permanent impairment that will affect the claimant for the rest of the claimant's life. The claimant's remaining life expectancy is _____ months. Therefore, even though paid in a lump sum, claimant's benefit (after deduction of attorney fees and expenses) shall be considered to be $ _____ a month for _____ months, beginning _____.

5. The sum of $ 8,000.00 shall be deducted from this settlement and paid to the claimant's attorney pursuant to the workers' compensation laws of the state.

6. The employer/carrier agrees to pay all applicable Commission costs, and all taxes and assessments to the Oklahoma Tax Commission, as follows: $140.00 to the Workers' Compensation Commission, taxed as costs in this matter, unless previously paid; the Special Occupational Health and Safety Tax in the sum of $ 300.00, representing three-fourths of one percent (0.75%) of the joint petition settlement amount, excluding medical payments and temporary total disability compensation; if a Commission Approved OWN RISK employer or group self-insurance association, the Workers' Compensation Fund assessment in the sum of $ 0.00, representing 2% of the joint petition settlement amount; and, in addition to other amounts, if UNINSURED, a Multiple Injury Trust Fund assessment in the sum of $ 0.00 representing 5% of the joint petition settlement amount. For Injuries occurring on or after 7/1/19: The CLAIMANT agrees to pay taxes and assessments as follows: Multiple Injury Trust Fund assessment in the amount of $ 0.00 representing three percent (3%) of the joint petition settlement amount attributable to permanent partial disability or permanent total disability, shall be deducted from the settlement amount and paid by the employer.

Administrative Workers' Compensation Act, 85A O.S., §6(A)(1)(a): "Any person or entity who makes any material false statement or representation, who willfully and knowingly omits or conceals any material information, or who employs any device, scheme, or artifice, or who aids and abets any person for the purpose of: (1) obtaining any benefit or payment... shall be guilty of a felony."

| BRANDON J. WICHERT | | RE-VIEW WINDOWS, INC. | |
|---|---|---|---|
| CLAIMANT NAME — PLEASE PRINT | | EMPLOYER NAME — PLEASE PRINT | |
| 6712 BAYBERRY DRIVE  OKC, OK 73162 | | KRISTI BYNUM FUNCK | 16996 |
| CLAIMANT ADDRESS | | NAME OF EMPLOYER/CARRIER'S ATTORNEY — PLEASE PRINT | OBA# |
| CLAIMANT — SIGNATURE | DATE | | |
| CHARLES SIMONS | 17762 | ARGONAUT INSURANCE COMPANY | |
| NAME OF CLAIMANT ATTORNEY if any — PLEASE PRINT | OBA # | NAME OF EMPLOYER/CARRIER OR OWN RISK GROUP — PLEASE PRINT | |
| [signature] | 9-1-20 | [signature] | |
| CLAIMANT ATTORNEY — SIGNATURE | DATE | EMPLOYER/CARRIER ATTORNEY — SIGNATURE | DATE |

**ORDER APPROVING JOINT PETITION SETTLEMENT:** The Workers' Compensation Commission, having reviewed the evidence, files and records in this matter and being fully advised in the premises, approves the above Joint Petition Settlement, including attorney fees, if any, and the attached appendix to the Joint Petition Settlement, if any, which Joint Petition Settlement and appendix are incorporated herein by reference and made a part hereof. If a child support lien were filed in this workers' compensation case, the employer/carrier shall include the name of the person or government agency asserting the lien on any check for temporary total disability, permanent partial disability or permanent total disability. The employer/carrier shall comply with this order within twenty (20) days from the file stamped date of the order. To that extent, and if the Joint Petition Settlement determined all issues and matters in the claim, this cause shall be fully and finally closed and resolved, and the Commission divested of jurisdiction.

DONE this 3 day of SEPTEMBER, 2020   BY ORDER OF  P. Blair McMillin

A copy hereof was mailed by United States regular mail on this file-stamped date to all attorneys of record and unrepresented parties.

ADMINISTRATIVE LAW JUDGE

Revised 11/21/19

**Before the Workers' Compensation Commission of the State of Oklahoma**

ORDER FILED
SEP 0 3 2020
WORKERS'
COMPENSATION COMMISSION

In re claim of:

| | | | |
|---|---|---|---|
| BRANDON J. WICHERT | Claimant | ) | Commission File Number: CM2019-08128-Q |
| | | ) | |
| RE-VIEW WINDOWS, INC. | Respondent | ) | |
| | | ) | |
| | | ) | Claimant's Social |
| ARGONAUT INSURANCE COMPANY | Insurance Carrier | ) | Security Number XXX-XX- 8880 (LAST 4 DIGITS ONLY) |

## CERTIFICATE TO JOINT PETITION

1. The claimant certifies that the Respondent has been notified of all medical providers who have provided medical treatment, including physical therapy, as a result of the accidental injury or occupational disease or illness while employed by Respondent. A list of all medical providers who have provided treatment is attached hereto as Exhibit A.

   Further, the Claimant represents and agrees to notify all future medical providers for the accidental injury or occupational disease or illness while employed by the Respondent that the claim against the Respondent has been fully settled by Joint Petition Settlement.

   _____
   Claimant

2. The Respondent certifies that a copy of the Joint Petition Settlement will be provided to all known medical providers, including physical therapists, who have provided treatment to the claimant, within ten (10) days of the settlement. The Respondent shall also notify the medical providers that the Joint Petition Settlement specifies that the Respondent will not be responsible for treatment rendered after the date of the Joint Petition Settlement.

   _____
   Respondent

**Administrative Workers' Compensation Act, 85A O.S., §6(A)(1)(a):** "Any person or entity who makes any material false statement or representation, who willfully and knowingly omits or conceals any material information, or who employs any device, scheme, or artifice, or who aids and abets any person for the purpose of: (1) obtaining any benefit or payment ... shall be guilty of a felony."

Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony punishable by imprisonment, a fine or both.

- over -

Created 2-1-14

## EXHIBIT "A" TO CERTIFICATE TO JOINT PETITION

The following Medical Providers have provided medical treatment, including physical therapy, as a result of the accidental injury or occupational disease or illness while employed by Respondent:

| Name | Address, City State Zip |
|---|---|
| SKYLINE MEDICAL CENTER | 3441 DICKERSON PIKE  NASHVILLE, TN  37207 |
| DR. JAMES WENDELKEN | 3601 NW 138TH STREET, SUITE 100, OKC, OK  73134 |
| INTEGRIS BAPTIST MEDICAL CENTER | 3300 NORTHWEST EXPRESSWAY  OKC, OK  73112 |
| DR. RANDEL ESTEP | 4901 WEST RENO AVENUE  OKC, OK  73127 |
| MCBRIDE ORTHOPEDIC HOSPITAL | P.O. BOX 14880  OKC, OK  73113 |
| MIND AND BODY MEDICAL CLINIC | 2216 NW 164TH STREET, SUITE A, EDMOND, OK  73013 |
| DR. DUSTIN ROSENHAMER | 2216 NW 164TH STREET, SUITE A, EDMOND, OK  73013 |