# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

**BRANDON WICHERT,**

    **Plaintiff,**

**v.**

**Case No. 21-cv-976-D**

**OHIO SECURITY INSURANCE COMPANY, an affiliate or subsidiary of, LIBERTY MUTUAL INSURANCE COMPANY,**

    **Defendant.**

## DEFENDANT OHIO SECURITY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Respectfully submitted,

William W. O'Connor, OBA No. 13200
Margo E. Shipley, OBA No. 32118
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
boconnor@hallestill.com
mshipley@hallestill.com

**ATTORNEYS FOR DEFENDANT, OHIO SECURITY INSURANCE COMPANY**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................. 1

STATEMENT OF UNDISPUTED FACTS ........................................................... 3

    The Policy ....................................................................................................... 3

    The Vehicle ..................................................................................................... 4

    The Accident ................................................................................................... 5

    Plaintiff's Claim With Ohio Security ............................................................. 5

SUMMARY JUDGMENT STANDARD ............................................................... 6

ARGUMENT AND AUTHORITY ....................................................................... 6

I.    Summary Judgment is Proper on Plaintiff's Breach of Contract Claim ................. 6

    A.    Missouri Law Governs Ohio Security's Liability for UM Benefits ............. 7

    B.    Applying Missouri Law, Plaintiff's Claim for Breach of Contract .............. 9
            Fails as a Matter of Law and Summary Judgment is Appropriate

II.    Summary Judgment is Proper on Plaintiff's Bad Faith Claim .............................. 13

    A.    Under Missouri Law, Plaintiff's Bad Faith Claim is Not
            Cognizable and, Even If It Were, It Would Fail Due to
            Lack of Coverage ........................................................................................ 13

    B.    Under Oklahoma Law, Plaintiff's Bad Faith Claim Fails Due to
            Lack of Coverage ........................................................................................ 14

III.    Summary Judgment is Proper on Plaintiff's Punitive Damages Claim ................. 16

CONCLUSION ................................................................................................... 17

i

<u>CASES</u>

*Adler v. Wal-Mart Stores, Inc.,*
 144 F.3d 664 (10th Cir. 1998) .................................................................. 6

*Badillo v. Mid Century Ins. Co.,*
 121 P.3d 1080 (Okla. 2005) ................................................................... 15

*Ball v. Willshire Ins. Co.,*
 221 P.3d 717 (Okla. 2009) ..................................................................... 15

*Bennett v. Windstream Commc'ns, Inc.,*
 30 F. Supp. 3d 1243 (N.D. Okla. 2014) ................................................. 6

*Bernal v. Charter County Mutual Insurance Co.,*
 2009 OK 28, 209 P.3d 309 ....................................................... 7, 8, 9, 13

*Bituminous Cas. Corp. v. Pollard,*
 508 Fed. Appx. 780 (10th Cir. 2013) .................................................... 15

*Bricker v. Gooden,*
 1974 OK 91, 525 P.2d 632 .................................................................... 13

*Campbell v. Union Pac. R.R. Co.,*
 616 S.W.3d 451 (Mo. App. 2020) ......................................................... 16

*Celotex Corp. v. Catrett,*
 477 U.S. 317 (1986) ................................................................................ 6

*Davis v. GHS Health Maint. Org., Inc.,*
 22 P.3d 1204 (Okla. 2001) ..................................................................... 15

*Duncan v. Andrew Cty. Mut. Ins. Co.,*
 665 S.W.2d 13 (Mo. App. 1983) ........................................................... 14

*Eckels v. Traverse,*
 1961 OK 138, 362 P.2d 680 .................................................................. 17

*Hatch v. State Farm Fire and Cas. Co.,*
 Case No. CIV-19-471-D, 2020 WL 6163562
 (W.D. Okla. Oct. 21, 2020) ................................................................... 16

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ............................................................................ 6

*McConnell v. W. Bend Mut. Ins. Co.*,
    606 S.W.3d 181 (Mo. App. 2020) ................................................... 14

*McCorkle v. Great Atlantic Ins. Co*.,
    1981 OK 128, 637 P.2d 583 ............................................................ 15

*Morgan v. Provident Life and Accident Ins. Co*.,
    Case No. CIV-20-180-D, 2021 WL 1177592
    (W.D. Okla. Mar. 26, 2021) ............................................................ 16

*Morrison v. Stonebridge Life Ins. Co*.,
    No. CIV-11-1204-D, 2015 WL 137261 ..................................... 15, 16

*O'Farrell v. State Farm Mut. Auto. Ins. Co.*,
    No. 12-CV-0633-CVE-TLW, 2013 WL 3820082
    (N.D. Okla. July 24, 2013) ............................................................... 9

*Oldenkamp v. United Am. Ins. Co*.,
    619 F.3d 1243 (10th Cir. 2010) ...................................................... 15

*Overcast v. Billings Mut. Ins. Co.*,
    11 S.W.3d 62 (Mo. banc 2000) ...................................................... 14

*Redd v. Allstate Assur. Co.*,
    No. CIV-17-246-W, 2017 WL 11139925
    (W.D. Okla. July 5, 2017) ............................................................. 8, 9

*Rodebush v. Okla. Nursing Homes*,
    1993 OK 160, 867 P.2d 1241 ..................................................... 16, 17

*Romeo v. Jones*,
    144 S.W.3d 324 (Mo.App. 2004) ................................................... 16

*Seymour v. Lakewood Hills Association*,
    927 S.W.2d 405 (Mo. App. 1996) ...................................... 11, 12, 13

*Shafer v. Auto. Club Inter-Ins. Exch.*,
    778 S.W.2d 395 (Mo. App. 1989) ................................................... 14

*TPLC, Inc. v. United Nat'l Ins. Co.*,
  44 F.3d 1484 (10th Cir.1995) .................................................................... 7

*Trickey v. Kaman Indus. Technologies Corp.*,
  705 F.3d 788 (8th Cir. 2013) .................................................................... 16

*Truman Med. Ctr., Inc. v. Progressive Cas. Ins. Co.*,
  597 S.W.3d 362 (Mo. App. 2020) ............................................................ 14

*Varnal v. Weathers*,
  619 S.W.2d 825 (Mo. App. 1981) ............................................................ 14

*Vogelsang v. Travelers Home & Marine Ins. Co.*,
  630 S.W.3d 810 (Mo. App. 2021) ............................................................ 14

*Wise v. Thornhill*,
  485 S.W.3d 363 (Mo. App. 2015) ....................................................... 12, 13

*Zink v. Allis*,
  650 S.W.2d 320 (Mo. App. 1983) ....................................................... 10, 12

## STATUTES

Okla. Stat. tit.15, § 162 .............................................................................. 8

36 O.S. 2001 § 3636 ................................................................................ 8, 9

§ 303.190.2, RSMo. .................................................................................. 10

§ 375.420, RSMo ...................................................................................... 14

## OTHER AUTHORITIES

Fed. R. Civ. P. 56 .................................................................................... 1, 6

LCvR 56.1 .................................................................................................... 1

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, Defendant Ohio Security Insurance Company ("Ohio Security") respectfully requests the Court enter summary judgment in its favor on Plaintiff Brandon Wichert's ("Plaintiff") claims for breach of contract, bad faith, and punitive damages.

## INTRODUCTION

This case involves an automobile insurance policy ("the Policy") that Re-View Windows, Inc. ("Re-View"), a Missouri corporation located in North Kansas City, Missouri, had with Ohio Security. The Policy insured a 2017 Chevrolet Silverado ("the Vehicle") owned by Re-View and registered and principally garaged in Missouri. Early in the morning on May 16, 2019, while on a temporary job in Tennessee, a Re-View employee was driving the Vehicle, with Plaintiff riding as a passenger, when an accident occurred. Plaintiff alleges he sustained significant injuries as a result of the accident.

Following the collision, Plaintiff retained counsel and made a claim for uninsured motorist ("UM") benefits under Re-View's Policy with Ohio Security. In his communications with Ohio Security, Plaintiff's counsel stated that Plaintiff was making a UM claim because his co-worker who was operating the vehicle caused the accident and Plaintiff could not "maintain a claim against the co-worker (collect under the liability policy)," apparently due to Oklahoma's workers' compensation law. Ohio Security commenced its investigation into Plaintiff's insurance claim. On August 9, 2021, Plaintiff filed suit against Ohio Security, asserting claims for breach of contract and bad faith.

Plaintiff's breach of contract claim alleges Ohio Security owes him UM benefits under the Policy. However, Oklahoma's UM statute and Oklahoma Supreme Court

precedent mandate that **Missouri** law applies to Ohio Security's liability for UM benefits, *i.e.,* Plaintiff's entitlement to UM coverage under the Policy. Applying Missouri law, there is no question that Plaintiff is ***not*** entitled to UM coverage. Plaintiff argues there is UM coverage because ***his co-worker driver*** is uninsured. However, Missouri courts have repeatedly held UM coverage requires ***the accident vehicle*** to be uninsured, not the driver, and have repeatedly rejected the very same argument Plaintiff makes for coverage. Here, the Vehicle is indisputably insured, so there is no UM coverage for Plaintiff as a matter of law, regardless of whether his co-worker driver is uninsured. Ohio Security is, therefore, entitled to summary judgment on Plaintiff's breach of contract claim.

As for Plaintiff's bad faith claim, there is no need for choice-of-law analysis because this tort claim fails as a matter of law under both Missouri and Oklahoma law. Missouri does not recognize a bad faith tort claim in the context of first-party insurance, such as UM coverage. Instead, a breach of contract claim or statutory claim for vexatious refusal (the latter of which Plaintiff does not raise) are the only legally cognizable claims under Missouri law. Moreover, even if such a first-party bad faith claim were cognizable (which it is not), Plaintiff's claim would still fail because he cannot prove coverage, an essential element of a Missouri bad faith claim. Likewise, Plaintiff cannot meet the threshold showing of the first element of an Oklahoma bad faith claim, namely, that he is entitled to coverage. Since Plaintiff's underlying claims fail as a matter of law, his request for punitive damages also fails and should be disposed of on summary judgment.

Based on the foregoing and as set forth herein, Ohio Security respectfully requests the Court grant summary judgment in its favor on Plaintiff's claims for breach of contract,

bad faith, and punitive damages.

## STATEMENT OF UNDISPUTED FACTS

### *-The Policy-*

1.     Re-View had a commercial automobile insurance policy issued by Ohio Security, Policy No. BAS 55529514 (the "Policy"), which was effective from May 31, 2018, to May 31, 2019.  Exhibit 1, at OSIC 01.

2.     The Policy was issued and delivered to Re-View at its location at 1235 Saline Street in North Kansas City, Missouri.  *Id.* at OSIC 02.

3.     The Policy listed a 2017 Chevrolet Silverado 2500HD, having Vin No. 1GC2CUEG1HZ193022 (referred to herein as the "Vehicle").  *Id.* at OSIC 12.

4.     The Policy provides liability coverage for "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto," including the Vehicle.  *Id.* at OSIC 000075.

5.     The Policy's liability coverage has a $1,000,000.00 each accident limit.  *Id.* at OSIC 08.

6.     The Policy contains an endorsement entitled  "Missouri Uninsured Motorists – Bodily Injury" coverage with a $1,000,000.00 each accident limit.  *Id.* at OSIC 08.

7.     The Policy provides UM coverage under Missouri law.  *See id.* at OSIC 55.[1]

---

[1] The Policy states, "Uninsured Motorists Coverage protects insured persons legally entitled to recover damages for bodily injury from the owner or operator of an uninsured auto.  An uninsured auto is an auto with no liability policy in effect at the time of the accident providing coverage equal to Missouri's limit of financial responsibility; a hit-and-run auto; or an auto insured by an insolvent company.  You may also see this coverage referred to as UM." *Id.* at OSIC 55.

8.     The Policy provides UM coverage "[f]or a covered 'auto' registered and principally garaged in . . . Missouri . . . ." *See id.* at OSIC 92 *et seq.*

9.     The Policy's UM coverage states, "We will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle'." *Id.* at OSIC 93.

10.    The Policy defines an "uninsured motor vehicle" in part as a land motor vehicle or trailer:

> a.     For which no liability bond or policy at the time of an 'accident' provides at least the amounts required by the applicable law where a covered 'auto' is principally garaged;
>
> b.     For which an insuring or bonding company denies coverage or is or becomes insolvent; . . . .

*Id.* at OSIC 95.

### *-The Vehicle-*

11.    In 2017, Re-View purchased the Vehicle that was involved in the subject accident.  Exhibit 2, Affidavit of Paul Follette, at ¶ 3.

12.    Re-View purchased the Vehicle in Missouri.  *Id.* at ¶ 4.

13.    The Vehicle was registered in the State of Missouri.  *Id.* at ¶ 5.

14.    Re-View paid Missouri property taxes on the Vehicle in 2018 and 2019.  *Id.* at ¶ 6.

15.    From the time of Re-View's purchase of the Vehicle in 2017 until the date of the subject accident, the Vehicle was primarily garaged in Missouri.  *Id.* at ¶ 7.

16.    At certain times, the Vehicle was temporarily located in Oklahoma and

Tennessee due to projects Re-View's employees were conducting in those states. *Id.* at ¶¶ 8-9.

### *-The Accident-*

17.     In May of 2019, Plaintiff and another Re-View employee, Brandon Thompson ("Thompson"), travelled temporarily to Tennessee to perform services for Re-View. *See, e.g*, Doc. No. 1, Exhibit 2, Complaint, at p. 1.

18.     On or about May 16, 2019, Thompson caused an accident while Plaintiff was riding as a passenger in the Vehicle. *See id.*

19.     Plaintiff claims he sustained "significant and permanent injuries" as a result of the accident. *See id.* at pp. 1-2.

### *-Plaintiff's Claim With Ohio Security-*

20.     Plaintiff contends he cannot pursue a claim for negligence against Thompson, resulting in Plaintiff being injured by an "uninsured motorist" and entitling him to Re-View's UM coverage. *See id.* at p. 4.

21.     On September 30, 2020, Plaintiff made a UM claim with Ohio Security under Re-View's Policy. *Id.* at pp. 4-6.

22.     As of July 21, 2021, Ohio Security advised Plaintiff that it was still waiting on information in order to complete its investigation and evaluation of Plaintiff's UM claim. *Id.* at p. 9.

23.     Plaintiff filed suit against Ohio Security on August 9, 2021, for breach of contract, bad faith, and punitive damages. Doc. No. 1 at Exhibit 2.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Federal Rule of Civil Procedure 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Bennett v. Windstream Commc'ns, Inc.*, 30 F. Supp. 3d 1243, 1252 (N.D. Okla. 2014) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). When the moving party has carried its burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Bennett*, 30 F. Supp. 3d at 1252-53 (*citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)) (citations omitted). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. . . . An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Bennett*, 30 F. Supp. 3d at 1253 (*citing Adler*, 144 F.3d at 670) (citations omitted).

## ARGUMENT AND AUTHORITY

### I.      Summary Judgment is Proper on Plaintiff's Breach of Contract Claim.

Under Missouri law, Plaintiff's claim for breach of contract fails as a matter of law and summary judgment is appropriate.

### A.    Missouri Law Governs Ohio Security's Liability for UM Benefits.

Plaintiff's breach of contract claim is based on Ohio Security's alleged failure to pay Plaintiff benefits under the Policy's UM coverage.  A federal court sitting in diversity applies the choice-of-law rules of the forum state.  *See TPLC, Inc. v. United Nat'l Ins. Co*., 44 F.3d 1484, 1490 (10th Cir.1995).   Applying the choice-of-law rules of Oklahoma, Ohio Security's liability to Plaintiff for UM benefits (*i.e.,* Plaintiff's entitlement to UM coverage)—and thus the viability of Plaintiff's breach of contract claim—is governed by Missouri law.

In *Bernal v. Charter County Mutual Insurance Co*., the Oklahoma Supreme Court addressed which state's law applies to a UM claim such as this one.  2009 OK 28, 209 P.3d 309.  In that case, Oklahoma resident Billy Bernal was fatally injured in an automobile accident occurring in Oklahoma.  *Id.* at 310.  At the time, Bernal was riding as a passenger in a truck driven by Brandon Wiggins and owned by Brandon's grandmother, Dorothy Wiggins, a Texas resident.  *Id.*  The truck was principally garaged in Texas and insured under a policy written and issued in Texas.  *Id.*  The insurer denied UM benefits to Bernal's estate because the truck did not meet the policy's definition of an "uninsured motor vehicle."  *Id.* at 310 & n.2.  Bernal's estate sued the insurer, urging that Oklahoma law should apply to the UM claim and that, under Oklahoma law, public policy required UM coverage notwithstanding the truck's failure to meet the policy's definition of "uninsured motor vehicle."  *Id.* at 311-12.  The insurer countered that Texas law applied to the UM claim and, under Texas law, UM coverage was not required.  *Id.* at 312-13.

The Oklahoma Supreme Court acknowledged the choice-of-law rules for contract claims were generally controlled by OKLA. STAT. tit. 15, § 162, but held such rules were inapplicable in this case specifically involving UM coverage. *Id.* at 315-16. The Supreme Court explained:

> A choice-of-law analysis is unnecessary and may be dispensed with in this case. We are simply unable to decide the Texas insurer's liability by applying Oklahoma law because we are met with an explicit legislative exclusion. The terms of Oklahoma's UM statute, 36 O.S.2001 § 3636, clearly reveal that under its provisions Texas law must govern today's cause.

> The Oklahoma legislature has directed a specific choice-of-law provision to govern under the UM statute. By its own terms, § 3636(A) applies solely to a policy "issued, delivered, renewed, or extended in this state with respect to a motor vehicle *registered or principally garaged in this state* …." (emphasis supplied). Whenever the legislature commands us to apply the law of another state, we must abide by its directive. The parties do not dispute the automobile in this single-vehicle accident was registered and principally garaged in Shallowater, Texas. That state's law must hence govern the terms of liability under that state's insurance policy.

*Id.* at 316. In short, the Court held: "The vehicle in today's cause was registered and principally garaged in Texas. That state's law must hence govern the liability incurred under insurance policy provisions tendered in this suit." *Id.* at 318.

The same analysis applies here. Re-View's Policy with Ohio Security was not "issued, delivered, renewed, or extended" in Oklahoma—rather, it was issued and delivered to Re-View in Missouri. Exhibit 1, at OSIC 02. Moreover, there is no genuine dispute that the Vehicle was registered in Missouri and principally garaged in Missouri.[2]

---

[2] In the Petition, Plaintiff alleges the Vehicle was principally garaged in Oklahoma. That is not correct. Exhibit 1 at OSIC 92; Exhibit 2. But even if it were, § 3636 provides Oklahoma law would apply only if the Policy were also "issued, delivered, renewed, or extended" in Oklahoma, which is not the case here. *See Bernal*, 209 P.3d at 316; *Redd v. Allstate Assur. Co.*, No. CIV-17-246-W, 2017 WL 11139925, at *3 (W.D. Okla. July 5, 2017) (explaining § 3636

8

Exhibit 2; Exhibit 1 at OSIC 92. Indeed, the terms of the Policy under which Plaintiff seeks benefits expressly apply to a vehicle principally garaged in Missouri. Exhibit 1, at OSIC 92. As in *Bernal*, since the Policy was issued and delivered to Missouri and the Vehicle was registered and principally garaged in Missouri, § 3636 requires application of Missouri law to the question of Ohio Security's liability for UM benefits under the Policy, *i.e.,* Plaintiff's entitlement to UM coverage. *See* 209 P.3d at 315-18; *see also Redd v. Allstate Assur. Co.*, No. CIV-17-246-W, 2017 WL 11139925, at *2-*3 (W.D. Okla. July 5, 2017) (applying *Bernal* and § 3636 to conclude Texas law governed UM claim where policy was issued in Texas and vehicle was principally garaged in Texas); *O'Farrell v. State Farm Mut. Auto. Ins. Co.*, No. 12-CV-0633-CVE-TLW, 2013 WL 3820082, at *6 (N.D. Okla. July 24, 2013) (same). Therefore, Missouri law governs Plaintiff's breach of contract claim based on UM coverage and, as set forth below, summary judgment is appropriate on that claim under Missouri law.

### B. Applying Missouri Law, Plaintiff's Claim for Breach of Contract Fails as a Matter of Law and Summary Judgment is Appropriate.

Applying Missouri law, Plaintiff's claim for breach of contract fails as a matter of law and summary judgment is appropriate. Plaintiff has made a claim for UM benefits under Re-View's Policy, specifically alleging he was "injured by an uninsured motorist,"—not that he was injured by the "driver of an 'uninsured motor vehicle',", which is what the express language of the Policy's UM Coverage actually requires. In other words, Plaintiff

---

"contains two specific requirements," referring to: (1) the policy being issued, delivered, renewed, or extended in Oklahoma; and (2) the accident vehicle being registered or principally garaged in Oklahoma).

alleges **the driver (his fellow employee) is uninsured**,[3] rather than that the Vehicle itself is uninsured. Missouri courts have rejected identical claims, holding that UM coverage is not available where the accident vehicle is insured, regardless of whether the driver is uninsured. At the time of the accident, the Policy provided liability coverage for the Vehicle with a $1,000,000 each accident limit, well in excess of the minimum amount required in Missouri, where the Vehicle was principally garaged. *See* § 303.190.2, RSMo. Since the Vehicle was sufficiently insured by Ohio Security at the time of the accident, the Vehicle was not uninsured and Plaintiff's breach of contract claim fails as a matter of law.

For example, in *Zink v. Allis*, an employee was riding in a truck driven by his co-worker when the truck accidentally went off the road, killing the employee. 650 S.W.2d 320, 321 (Mo. App. 1983). The truck was insured under the employer's policy, but liability coverage for the co-worker driver was excluded. *Id.* So, the employee's family sought UM coverage under the policy and sued the employer's insurer. *Id.* The trial court dismissed the UM claim for failing to state a claim upon which relief could be granted. *Id.* The Missouri Court of Appeals affirmed, reasoning the plaintiffs "do not really base their claim upon the terms of the uninsured motorist portion of the policy itself." *Id.* That is, the plaintiffs sought UM coverage on the basis the co-worker driver was uninsured, not the truck. *Id.* The policy's UM coverage, however, was not contingent on the driver being uninsured but rather the truck being uninsured, which indisputably was not the case. *Id.* at 321-22. Thus, there was no UM coverage available to the plaintiffs. *Id.*

---

[3] Plaintiff's assertion that the driver is uninsured is apparently based on Plaintiff's belief he cannot pursue a civil action against the driver due to Oklahoma's workers' compensation law, under which Plaintiff has already been awarded benefits. *See* Doc. No. 1, Exhibit 2, Plaintiff's Petition, ¶¶ 7-9, 13.

Similarly, in *Seymour v. Lakewood Hills Association*, an employee was injured while riding on a garbage truck driven by a fellow employee. 927 S.W.2d 405, 407 (Mo. App. 1996). There was liability insurance for the truck under the employer's policy, but the insurer denied liability coverage to the co-employee driver due to a "fellow employee" exclusion. *Id.* at 407-08. The injured employee then sued his employer's insurer, seeking UM coverage under the policy. *Id.* at 407. The trial court sustained the insurer's motion for summary judgment, determining the truck was not an uninsured motor vehicle as defined in the insurer's policy. *Id.*

On appeal, the Missouri Court of Appeals observed the policy defined an "uninsured motor vehicle" as a land motor vehicle or trailer "a. For which no liability bond or policy at the time of an 'accident' provides at least the amounts required by the applicable law where a covered 'auto' is principally garaged; . . . c. For which an insuring or bonding company denies coverage or becomes insolvent." *Id.* at 408. The injured employee argued he was entitled to UM benefits because the driver was denied liability coverage, and thus uninsured. *Id.* The Court of Appeals disagreed, noting the policy "refer[s] to a vehicle for which coverage is lacking, not an individual operator." *Id.* Thus, "[i]n determining what constitutes an uninsured motor vehicle, **the focus is on the vehicle and not whether the driver is uninsured** under the circumstances of any particular accident." *Id.* (emphasis added). Since the truck was at all times insured by the employer's policy, there was no UM coverage for the injured employee, regardless of whether the driver was uninsured, and summary judgment in favor of the insurer was affirmed. *Id.*

More recently, in *Wise v. Thornhill*, the Missouri Court of Appeals followed *Seymour* to reach the same result. 485 S.W.3d 363, 366 (Mo. App. 2015). In *Wise*, a fireman was riding as a passenger in a fire truck driven by his fellow employee when the truck ran off the road and overturned, injuring the fireman. *Id.* at 364. The truck was insured by the fire department's business auto policy. *Id.* After the fire department's insurer denied liability coverage to the driver due to several exclusions, the fireman sought UM coverage under the fire department's policy. *Id.* at 364-65. Just like the Policy here, the UM coverage in *Wise* provided the insurer would "pay all sums the insured was legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle," and defined an "uninsured motor vehicle" as one "for which no … policy … provides at least the amounts required by the applicable law" or "[f]or which an insuring … company denies coverage." *Id.* at 365. The trial court granted summary judgment in favor of the insurer, ruling there was no UM coverage for the fireman because UM coverage required the fire truck to be uninsured—which was not the case—rather than the driver. *Id.* Applying *Seymour*, the Court of Appeals agreed with this reasoning and affirmed summary judgment to the insurer. *Id.* at 366-67.

The facts of the case at hand merit the same result as in *Zink*, *Seymour*, and *Wise*. Like those cases, Plaintiff seeks UM coverage on the basis that the co-employee driver who caused the accident is uninsured, not on the basis that the Vehicle itself is uninsured. Like those cases, the Policy's UM coverage here requires the Vehicle be uninsured, not the driver. Like those cases, the Vehicle itself is indeed insured. Accordingly, like *Zink*, *Seymour*, and *Wise*, there can be no UM coverage for Plaintiff, regardless of whether the

co-employee driver is uninsured.[4]  Again, "[i]n determining what constitutes an uninsured motor vehicle, ***the focus is on the vehicle and not whether the driver is uninsured*** under the circumstances of any particular accident." *Seymour*, 927 S.W.3d at 408 (emphasis added).  Since Re-View had liability coverage, with a sufficient limit, in place for the Vehicle, Plaintiff cannot maintain a UM claim under Missouri law, and summary judgment is appropriate on Plaintiff's claim for breach of contract.

## II.   <u>Summary Judgment is Proper on Plaintiff's Bad Faith Claim.</u>

Ohio Security is also entitled to summary judgment on Plaintiff's bad faith claim, regardless of whether Missouri or Oklahoma law governs this tort claim.[5]  If Missouri law governs, Plaintiff's bad faith claim fails as a matter of law because: (1) Missouri does not recognize a bad faith tort cause of action in the context of first-party insurance, such as UM coverage; and (2) even if such a claim were cognizable (which it is not), coverage—which Plaintiff cannot prove, as discussed above—is as an essential element of any Missouri bad faith claim.  Likewise, Plaintiff's bad faith claim fails as a matter of settled Oklahoma law, which also requires coverage as an essential element of a bad faith claim**.**

### A.   **Under Missouri Law, Plaintiff's Bad Faith Claim is Not Cognizable and, Even If It Were, It Would Fail Due to Lack of Coverage.**

---

[4]  Plaintiff has made clear that he is not making a liability claim under Re-View's Policy against the driver.  However, even if Ohio Security denied liability coverage to the driver, that would only make ***the driver*** uninsured, not the Vehicle.  The Policy's UM coverage depends on the latter being uninsured.  *See Wise*, 485 S.W.3d at 366; *Seymour*, 927 S.W.2d at 408; *Zink*, 650 S.W.2d at 321-22.

[5]  Oklahoma courts apply the "most significant relationship" test to tort claims*.  See, e.g., Bernal*, 209 P.3d at 315; *Bricker v. Gooden*, 1974 OK 91, 525 P.2d 632, 637 ("We hold, as a general principle, that the rights and liabilities of parties with respect to a particular issue in tort shall be determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties").  In determining which state's relationship is "most significant," Oklahoma courts often apply four factors: (1) where the injury occurred; (2) where the conduct causing the injury occurred; (3) each party's domicile, residence, nationality, place of incorporation and place of business; and (4) where the relationship, if any, between the parties occurred.  *Bricker*, 525 P.2d at 635.  However, because Plaintiff's bad faith claim fails under both Missouri and Oklahoma law, it is unnecessary to decide which state's law governs this tort claim.

UM coverage is first-party insurance coverage, meaning it "insures against losses which the insured suffers directly." *Truman Med. Ctr., Inc. v. Progressive Cas. Ins. Co.*, 597 S.W.3d 362, 368 (Mo. App. 2020). Missouri does not recognize a bad faith tort cause of action in the context of first-party insurance. *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 67 (Mo. banc 2000); *see also, e.g., Shafer v. Auto. Club Inter-Ins. Exch.*, 778 S.W.2d 395, 400 (Mo. App. 1989); *Duncan v. Andrew Cty. Mut. Ins. Co.*, 665 S.W.2d 13, 19 (Mo. App. 1983); *Varnal v. Weathers*, 619 S.W.2d 825, 827-28 (Mo. App. 1981). Thus, if Missouri law governs, Plaintiff's bad faith claim—asserted in this first-party UM coverage context—is not cognizable and fails as a matter of law.

Further, even for bad faith claims that are cognizable under Missouri law, a plaintiff must prove entitlement to coverage, an essential element of any Missouri bad faith claim. *McConnell v. W. Bend Mut. Ins. Co.*, 606 S.W.3d 181, 189-90 (Mo. App. 2020). As discussed above, there is no UM coverage for Plaintiff because the Vehicle is not uninsured. So, even if Plaintiff's first-party bad faith claim were cognizable under Missouri law (which it is not), it would still fail as a matter of law due to lack of coverage.[6] *See id.*

**B.** **Under Oklahoma Law, Plaintiff's Bad Faith Claim Fails Due to Lack of Coverage.**

If, on the other hand, Oklahoma law applies to Plaintiff's bad faith tort claim, that

---

[6] In this first-party insurance context, Missouri remedies are limited to "breach of contract and, where appropriate, a claim for vexatious refusal to pay." *Overcast*, 11 S.W.3d at 69. Plaintiff does not allege a vexatious refusal to pay claim, which is a statutory claim under § 375.420, RSMo. Even if Plaintiff did allege such a claim, it would also fail as a matter of law due to lack of coverage. *Vogelsang v. Travelers Home & Marine Ins. Co.*, 630 S.W.3d 810, 812 (Mo. App. 2021).

claim also fails as a matter of law because there is simply no UM coverage available to Plaintiff. In Oklahoma, to make a prima facie case against an insurance company for bad faith, a plaintiff must establish:

> (1) **Claimant was entitled to coverage under the insurance policy at issue**; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury.

*Bituminous Cas. Corp. v. Pollard*, 508 Fed. Appx. 780, 791 (10th Cir. 2013) (citing *Ball v. Willshire Ins. Co.*, 221 P.3d 717, 724 (Okla. 2009)) (emphasis added). Plaintiff bears the burden of proof on each element. *McCorkle v. Great Atlantic Ins. Co.*, 1981 OK 128, 637 P.2d 583, 587.

Here, as discussed above in relation to Plaintiff's claim for breach of contract, there is no UM coverage available to Plaintiff under the Policy. Therefore, even if Oklahoma law applies to Plaintiff's tort claim, such claim fails as a matter of law due to lack of coverage. *See also Badillo v. Mid Century Ins. Co.,* 121 P.3d 1080, 1093 (Okla. 2005) (an essential element of a bad faith claim is coverage under the policy); *Davis v. GHS Health Maint. Org., Inc.*, 22 P.3d 1204, 1210 (Okla. 2001) ("a determination of liability under the contract is a prerequisite to a recovery for bad faith breach of an insurance contract"); *Ball*, 221 P.3d at 724 (Okla. 2009) (an essential element of a bad faith claim is that "claimant was entitled to coverage under the insurance policy"); *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1249 (10th Cir. 2010) (where the court finds an insurer did not breach the insurance contract by denying coverage, it necessarily follows that the insurer's denial of coverage was not unreasonable); *Morrison v. Stonebridge Life Ins. Co.*, No. CIV-11-1204-

D, 2015 WL 137261, at *7 ("[b]ecause Plaintiff has failed to establish a breach of contract, she also cannot prevail on her bad faith claim as a matter of law"); *Hatch v. State Farm Fire and Cas. Co*., Case No. CIV-19-471-D, 2020 WL 6163562, *4-5 (W.D. Okla. Oct. 21, 2020) (holding that the insurer could not have acted unreasonably and in bad faith where it had no liability under the policy and granting summary judgment on the bad faith claim); *Morgan v. Provident Life and Accident Ins. Co*., Case No. CIV-20-180-D, 2021 WL 1177592, *6 (W.D. Okla. Mar. 26, 2021) (finding that the Complaint failed to state a claim for bad faith where the insurer had no liability to the plaintiff under the policy).

Accordingly, even if Oklahoma law applies to Plaintiff's bad faith tort claim, that claim fails as a matter of law because Ohio Security is not liable for UM benefits under the Policy. Therefore, summary judgment is proper.

### III.     Summary Judgment is Proper on Plaintiff's Punitive Damages Claim.

Summary judgment on Plaintiff's claim for punitive damages is also proper. As discussed above, Plaintiff's claims for breach of contract and bad faith fail as a matter of law. Therefore, under either Missouri or Oklahoma law, Plaintiff's request for punitive damages is unsupportable and must fail, as well. *See Campbell v. Union Pac. R.R. Co.*, 616 S.W.3d 451, 474 (Mo. App. 2020) ("If the underlying claim fails, then the plaintiff cannot recover punitive damages."); *Trickey v. Kaman Indus. Technologies Corp.,* 705 F.3d 788, 799 (8th Cir. 2013) ("The court only submits the issue of punitive damages to the jury if the 'plaintiff…prevail[s] on his or her underlying claim.'") (quoting *Romeo v. Jones*, 144 S.W.3d 324, 334 (Mo.App. 2004)); *Rodebush v. Okla. Nursing Homes*, 1993 OK 160, 867 P.2d 1241, 1247 ("The plea for punitive damages rests on the underlying

claim, and if there is no recovery on the underlying claim, there can be no recovery of punitive damages."); *Eckels v. Traverse*, 1961 OK 138, 362 P.2d 680, 683 (holding that it is "essential" under Oklahoma law that there be a recovery of actual damages before punitive damages may be awarded and noting that where the defendant prevailed, there could be no award of punitive damages). Therefore, Plaintiff's request for punitive damages should be disposed of by summary judgment, as well.

## CONCLUSION

Based on the foregoing, Defendant Ohio Security respectfully requests the Court enter judgment as a matter of law in its favor and against Plaintiff Brandon Wichert on his claims for breach of contract, bad faith, and request for punitive damages.

Respectfully submitted,

*s/William W. O'Connor*
William W. O'Connor, OBA No. 13200
Margo E. Shipley, OBA No. 32118
**HALL, ESTILL, HARDWICK,**
**GABLE, GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
boconnor@hallestill.com
mshipley@hallestill.com

**ATTORNEYS FOR DEFENDANT,**
**OHIO SECURITY INSURANCE**
**COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of Notice of Electronic Filing to the following:

Rick W. Bisher

**ATTORNEY FOR PLAINTIFF**

*s/William W. O'Connor*
William W. O'Connor

5200012.1:003439.00160