IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON WICHERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-976-D |
| | ) |
| OHIO SECURITY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Three related motions are pending before the Court: Plaintiff's Motion for Partial Summary Judgment [Doc. No. 15] under Fed. R. Civ. P. 56; Defendant's Motion to Stay [Doc. No. 16] under Fed. R. Civ. P. 26(c) and 56(d); and Defendant's Motion to Quash Plaintiff's Notice of Rule 30(b)(6) Deposition [Doc. No. 20] under Fed. R. Civ. P. 26(c). Plaintiff's Motion seeks summary judgment on a discrete issue related to his claim for uninsured motorist (UM) benefits under Defendant's insurance contract with his employer. Defendant asserts that Plaintiff's Motion is premature and all discovery should be stayed because Defendant intends to move for summary judgment on choice-of-law and coverage issues that may dispose of, or will greatly impact, the case. Plaintiff has responded in opposition to Defendant's Motions [Doc. Nos. 18 and 21], and Defendant has replied [Doc. Nos. 19 and 25]. The procedural issues raised by these Motions are sufficiently briefed.

This diversity case originated in state court and was removed in October 2021. Defendant filed a motion to dismiss that was denied in December 2021. On January 26,

2022, approximately one month after Defendant answered the complaint, Plaintiff moved for partial summary judgment on an issue regarding his UM claim on which he believes Defendant has taken an incorrect position. No scheduling conference has been held in the case, and little discovery has been done.[1] Defendant responded to Plaintiff's Motion, as permitted by Rule 56(d), with a request that the Court deny or defer a ruling on the Motion. Based on an affidavit of counsel, Defendant contends there are other issues that should be decided first, and it would need discovery to adequately respond to Plaintiff's Motion. Plaintiff contends the attorney's statements are exaggerated or incorrect.

Upon consideration of Defendant's request under Rule 56(d) to delay a summary judgment ruling, the Court finds that Plaintiff's Motion should not be considered at this time. Rule 56(d) authorizes a district court to deny or defer consideration "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *Id.*; *see FDIC v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (nonmovant "must present an affidavit that identifies the probable facts not available" and must "explain how additional time will enable him to rebut the movant's allegations"). Defendant has complied with Rule 56(d) and explained that its investigation and evaluation of Plaintiff's UM claim is incomplete. Further, Rule 56 "requires the district court to allow the nonmoving party an opportunity to respond before summary judgment is entered against it." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1163 (10th Cir. 1998); *see also* Fed. R. Civ. P. 56(f). Defendant would be deprived of a reasonable

---

[1] The parties have issued written discovery, and Plaintiff has filed a motion to compel Defendant to provide more complete responses. *See* Pl.'s Mot. Compel [Doc. No. 17].

opportunity to oppose Plaintiff's Motion if Defendant were required to prepare a response without conducting discovery.

Under these circumstances, the Court finds that it should exercise its discretion under Rule 56(d)(1) to deny Plaintiff's Motion without prejudice to resubmission after further legal and factual development of the case. Denying Plaintiff's Motion rather than simply deferring it will best serve the interests that Rule 56 and LCvR56.1 are designed to achieve by permitting in one summary judgment proceeding an adjudication of all claims and defenses that may be resolved as a matter of law on undisputed facts.[2]

Defendant's Motions go beyond Rule 56(d), however, and ask the Court to stay discovery under Rule 26(c) until alleged issues regarding a choice of law and coverage are resolved. Defendant asserts that Missouri law applies to Plaintiff's claims and Plaintiff lacks coverage under the insurance policy as a matter of Missouri law. Defendant believes a resolution of these issues in its favor would moot all other issues. Although Plaintiff disagrees with Defendant's legal position, he does not deny that a choice-of-law issue exists or that the resolution of this preliminary issue may affect his claims. Plaintiff instead argues that the case should not be indefinitely delayed while Defendant prepares its proposed dispositive motion and that discovery will be needed for him to respond to any motion that Defendant files.[3]

---

[2] LCvR56.1(a) provides: "Absent leave of court, each party may file only one motion under Fed. R. Civ. P. 56."

[3] During the pendency of the instant Motions, Defendant has proceeded to file its proposed Motion for Summary Judgment [Doc. No. 24] in which it asserts that a ruling in its favor on the choice-of-law and coverage issues would dispose of the case.

Rule 26(c) authorizes a district court "for good cause . . . to protect a party or person [from whom discovery is sought] from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). Under the circumstances presented, Defendant has not shown that Plaintiff should be prevented from conducting discovery simply because Defendant believes a possible defense might defeat or limit Plaintiff's action. Defendant relies on cases in which discovery has been stayed under Rule 26(c) due to the pendency of a dispositive motion that would likely conclude the case or because the remaining discovery would not affect the resolution of the motion. *See* Def.'s Mot. Stay at 7-8. In this case, Defendant asks to stay all discovery before its motion is fully briefed and before a case management schedule has been determined. Plaintiff is entitled under Fed. R. Civ. P. 16(b) to the issuance of a scheduling order as soon as practicable under the circumstances, and when establishing an appropriate schedule, the Court can address whether to modify the timing or extent of discovery. *See* Fed. R. Civ. P. 16(b)(3).

Defendant's Motions implicate the Court's inherent authority to manage cases on its docket in the interests of judicial economy and efficiency. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003).

The Court is not persuaded that an exercise of its power to stay Plaintiff's action is warranted under the circumstances. Defendant has filed a dispositive motion that would permit a ruling on preliminary questions and may greatly affect Plaintiff's case. The proposed stay might promote efficiency and conserve resources. On the present record, however, the Court lacks sufficient information to weigh the parties' competing interests in staying the case or moving forward on the merits of Plaintiff's claims. The Court cannot presently assess, for example, the efficiency of ordering phased discovery. In short, the Court finds that Defendant has failed to justify the stay requested by its Motions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. No. 15] is **DENIED** without prejudice to a future submission.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay [Doc. No. 16] is **DENIED** and Defendant's Motion to Quash Plaintiff's Notice of Rule 30(b)(6) Deposition [Doc. No. 20] is **DENIED** without prejudice to a future submission regarding specific objections to the Rule 30(b)(6) Notice.

**IT IS FURTHER ORDERED** that this case will be set for a scheduling conference on the Court's next available docket.

**IT IS SO ORDERED** this 16th day of March, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge