## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BRANDON WICHERT )
            Plaintiff(s), )   Case No.: CIV-21-976-D
                       )   JUDGE: Timothy DeGiusti

v. )
                       )

OHIO SECURITY INSURANCE )
COMPANY, an affiliate or )
subsidiary of LIBERTY MUTUAL )
INSURANCE COMPANY, )
           Defendant(s). )

## AFFIDAVIT OF KRISTI FUNCK

I, Kristi Funck, of legal age and of sound mind affirm as to the following:

I have personal knowledge as to the affirmations appearing in this Affidavit.

I am an attorney licensed to practice law in the State of Oklahoma.

I was the attorney of record for the plaintiff's employer, Re-View Windows, Inc. and its workers' compensation insurance carrier, Argonaut Insurance Company, for the claim filed by plaintiff before the Workers' Compensation Commission of the State of Oklahoma, file number CM2019-08128-Q which arose from injuries that plaintiff received in an automobile accident in which he and his co-worker were involved in Tennessee on May 17, 2019. This is the same accident that gave rise to plaintiff making an uninsured motorist claim with the defendant.

Argonaut Insurance Company paid both medical and indemnity payments to plaintiff pursuant to Oklahoma law and has provided plaintiff's counsel a payment log.

During the proceedings before the Workers' Compensation Commission of the State of Oklahoma from December 30, 2019 through the date of the Joint Petition September 3, 2020, the defendant did not contact me to obtain information identifying the plaintiff's medical providers, what amounts were paid to the medical providers, his period(s) of temporary disability (TTD), what amounts he was paid while TTD, or whether plaintiff was paid or awarded monies for permanent partial disability for injuries arising out of the May 17, 2019 accident.

Plaintiff's claim was joint petitioned (settled) on September 3, 2020, and the

joint petition was filed of record on the same date.

On July 26, 2021, I was contacted for the first time by a representative of the defendant, Emily with the Fenton Law Firm, for information regarding plaintiff's claim (medical providers and amounts paid).

Since the employer and the respondent carrier, whom I represent, have a right to subrogation or reimbursement pursuant to Oklahoma law, and the fact that plaintiff put his physical condition at issue in the workers' compensation proceedings thereby waiving his patient physician privilege for medical conditions and treatment to body parts relevant to his workers' compensation claims, neither I or my clients would have objected to providing information regarding the identity of plaintiff's medical providers, what was paid to the providers, what plaintiff was paid in indemnity payments or to provide the defendant with copies of plaintiff's medical records (upon receipt of a signed medical release authorization by plaintiff) and expenses had defendant requested the information before July 26,2021.

At no time during the workers' compensation proceedings was there an objection to the Workers' Compensation Commission of the State of Oklahoma having jurisdiction of plaintiff's workers' compensation claim.

Further affiant sayeth not.

Kristi Funck

STATE OF OKLAHOMA )
                  ) ss
COUNTY OF Oklahoma )

The foregoing instrument was acknowledged and signed before me this 14th day of December, 2021.

Notary Public

My Commission Expires: 6-25-2024
Commission No. 20007691

ANGIE STANLEY
NOTARY
# 20007691
EXP. 06/25/24
STATE OF OKLAHOMA
PUBLIC

**EXHIBIT "4"**