

Philip D. Ryan
Rick W. Bisher *
Charles T. Simons
Tim Kent

Of Counsel:
Patrick C. Ryan

*RWB Legal Inc.

**RYAN BISHER RYAN & SIMONS**
*Attorneys at Law*

www.rbrlawfirm.com
RBRS Legal Group, PLLC
4323 N.W. 63rd Street, Suite 110
Oklahoma City, Oklahoma 73116-1513
Phone: 405.528.4567 ~ Facsimile: 405.525.2123
Toll Free: 1.800.725.2222

LIFE MEMBER
MILLION DOLLAR ADVOCATES FORUM
MULTI-MILLION DOLLAR ADVOCATES FORUM
The Top Trial Lawyers In America ™

Rick W. Bisher, Esq.
Admitted to the United States Supreme Court and all Federal and State District Courts in Oklahoma
rbisher@rbrlawfirm.com

Legal Assistants Assigned to R. Bisher:
Dimples Carson
Karen Odom
Teresa Johnson

Wednesday, September 30, 2020

Kellie Correia
Liberty Mutual Insurance - San Diego, CA
PO Box 515097
Los Angeles, CA 90051

    Re:    Client:          Brandon Wichert
            Your Insured:  Brandon Wichert
            Claim No.      23840824
            Date of Loss:  May 15, 2019

Dear Kellie:

    I hope this finds you well. I have requested total payment information from the workers' compensation carrier and will provide that to you however it is my understanding that you have the contact information for the carrier's attorney, Kristi Funck, and you may obtain the information directly from the attorney. I have enclosed the Joint Petition for your file, which shows the settlement amount in the workers' compensation claim.

    This is an uninsured motorist claim by operation of law. The coworker driver caused the accident. As a matter of law Brandon cannot maintain a claim against the coworker (collect under the liability policy), therefore by operation of law the negligent party is uninsured, and he is entitled to uninsured motorist benefits.

    Appellant seeks to distinguish *Barfield* on the basis that here we are dealing with an insurance policy purchased and paid for by the employer and, thus, the decedent is only a Class 2 insured by virtue of his occupancy of the vehicle, rather than a Class 1 named insured as involved in *Barfield*. Appellant insists in the situation of a Class 2 insured the term legally entitled to recover damages should be given a more restrictive meaning than in *Barfield* such that the insured be required to prove more than fault on the part of the tortfeasor giving rise to damages and the extent of those damages. It argues instead the insured must actually show damages would be recoverable in a direct action against the tortfeasor, something which cannot be shown here because of the immunity provided to the coemployee by the exclusivity of the workers' compensation laws. Appellant also notes we have recognized distinctions between Class 1 and Class 2

Personal Injury · Workers' Compensation · Social Security · Auto Accidents · Nursing Home/Medical Negligence · Insurance Bad Faith ·
Product Liability · Wrongful Death · Catastrophic Injury Cases · Employment Law · Wrongful Termination

EXHIBIT "6"

insureds in our stacking cases [*See e.g., Babcock v. Adkins,* 695 P.2d 1340 (Okla.1984); *Stanton v. American Mutual Liability Insurance Company,* 747 P.2d 945 (Okla.1987) ] and argues a similar distinction should be made here in the treatment of Class 1 and Class 2 insureds. We do not agree.

Assuming for the purposes of this opinion decedent was a Class 2 insured under the UM endorsement[5] and, thus, an insured merely by virtue of his occupancy in a covered vehicle we fail to see how such fact necessitates a different meaning be given to the phrase legally entitled to recover damages than that espoused in *Uptegraft, Karlson* and *Barfield.* The important and overriding determination in our view is whether the party attempting to recover under the UM endorsement is an insured under the policy, a status decedent met here, as admitted by appellant. *Babcock v. Adkins,* 695 P.2d at 1342; *Shepard v. Farmers Insurance Company, Inc.,* 678 P.2d 250, 252 (Okla.1983).

We likewise do not believe the fact decedent did not pay the premiums on the instant coverage should bar recovery. In our view, focusing on who paid the premium is in essence the same argument cast in a little different light than focusing on the status of the insured as Class 1 or Class 2 for the reason most, if not all, Class 2 insureds will have paid no premium. In *Heavner v. Farmers Insurance Company,* 663 P.2d 730 (Okla.1983), we specifically rejected the view that an insured under an UM endorsement by virtue of his being a passenger in a vehicle driven by the named insured in the policy at issue should be precluded from receiving UM benefits *413 merely because he had paid no premium for the coverage. *Id.* at 731–732.

3 Appellant also asserts that if recovery is allowed in this case it will have no subrogation rights against the negligent coemployee tortfeasor because of the immunity afforded by the workers' compensation laws, rights it says we have recognized are subject to protection. Appellant misreads our cases. Torres v. Kansas City Fire & Marine Ins. Co., 1993 OK 32, 849 P.2d 407, 412–13.

I will be providing you with a demand and provide you medical records for your review. In the interim if you need an executed authorization to release medical records so you can conduct your own investigation please let me know. Thank you.

Respectfully,

Rick W. Bisher

RWB/rb
Enclosure