Philip D. Ryan *
Rick W. Bisher *
Charles T. Simons
Tim Kent

Of Counsel:
Patrick C. Ryan

*RWB Legal Inc.



**RYAN BISHER RYAN & SIMONS**
*Attorneys at Law*
www.rbrlawfirm.com
RBRS Legal Group, PLLC
4323 N.W. 63rd Street, Suite 110
Oklahoma City, Oklahoma 73116-1513
Phone: 405.528.4567 ~ Facsimile: 405.525.2123
Toll Free: 1.800.725.2222



LIFE MEMBER
MILLION DOLLAR ADVOCATES FORUM
MULTI-MILLION DOLLAR ADVOCATES FORUM
The Top Trial Lawyers In America ™

Rick W. Bisher, Esq.
Admitted to the United States Supreme Court and
all Federal and State District Courts in Oklahoma
rbisher@rbrlawfirm.com

Legal Assistants Assigned to R. Bisher:
Dimples Carson – dcarson@rbrlawfirm.com
Karen Odom – kodom@rbrlawfirm.com
Teresa Johnson -tjohnson@rbrlawfirm.com

Tuesday, July 20, 2021

Mail and Email

Karen Lyons
Kellie Correia
Liberty Mutual Insurance - San Diego, CA
PO Box 515097
Los Angeles, CA 90051

Re:    Client:         Brandon Wichert
       Your Insured:   Brandon
       Claim No.       23840824
       Date of Loss:   May 15, 2019

Dear Karen or Kellie:

I hope this finds you well. I am disappointed and concerned regarding your interest in conducting an independent and timely evaluation and investigation of this claim in order to provide the benefits that your insured, Brandon, is entitled to. Requesting information from his attorney that you can and should obtain independently is not the definition of conducting an independent and reasonable investigation. You cannot delegate the duties owed to the insured by Liberty Mutual to Brandon's counsel.

I provided you with the information that we have in our possession with the demand on October 20, 2020. On 11/2/20 and again on 11/20/20 I inquired as to the status of your investigation and evaluation. The only response I received was your claim that Oklahoma law did not apply (without supplying any authority in that regard), you were applying Missouri law, and that you were missing a "significant amount of relevant documentation".

It is my understanding that based on a review of the file that:
1. You have not contacted the workers' compensation carrier to obtain any medical records the workers' compensation carrier received from the medical providers.
2. You did not request the itemized payment ledger from the workers' compensation carrier (which was previously sent to you from my office).
3. You have not requested a recorded statement from you insured.
4. You have not requested your insured to execute an authorization to release medical information; despite that, I have enclosed one.

5. You have not cited any authority supporting your position that you may offset payments made by the workers compensation carrier (i.e, no duplicate payments) either under Oklahoma or Missouri law.[1]

6. You have not cited any authority supporting your position that Oklahoma law does not apply under the following circumstances:
    a. Employee (Brandon) hired in Oklahoma
    b. Was sent to Tennessee from Oklahoma by the employer in a vehicle owned and operated in Oklahoma.
    c. Benefits paid pursuant to the Oklahoma Workers Compensation Act – subrogation claim of $71,782.12 asserted under Oklahoma Workers Compensation Act; this prevents a "duplicate payment" to the insured as you assert.
    d. Wages paid to insured in Oklahoma.

36 O.S. §3636, and Oklahoma authority interpreting the statute, appy to the underinsured motorist policy. I suggest that you review *Pate v. MFA*, 1982 OK CIV APP 36, 649 P.2d 809 (due to overriding Oklahoma public policy, Oklahoma law applied where Arkansas residents on vacation in Oklahoma had med-pay claim barred under Arkansas, but not Oklahoma law); *Bohannan v. Allstate Ins. Co.*, 1991 OK 64, ¶17, 820 P.2d 787, which explains Oklahoma will apply law of place of contract **unless** other jurisdiction has a greater interest in having its law enforced or enforcement would violate Oklahoma public policy. The Supreme Court strongly approved of *Pate*. Finally, *Leritz v. Farmers Insurance Company, Inc.* 2016 OK 79, 385 P.3d 991 says a liberalization provision in all policies makes Oklahoma law apply to a foreign vehicle used in Oklahoma. Applying the facts to the applicable law in this case, clearly shows that Oklahoma law should apply to an Oklahoma resident (your insured).

Even if Missouri law applied, the same result would apply. Brandon would be entitled to be compensated for all damages he is "legally entitled to recover", and no reduction or offset would be allowed for payments made by the workers compensation carrier. *Cano v. Travelers Ins. Co., 656 S.W.2d 266, 270 (Mo. 1983); Douthet v. State Farm Mut. Auto. Ins. Co., 546 S.W.2d 156, 159 (Mo. 1977)*("The holdings in Cameron, Galloway and Webb that s 379.203 requires that coverage in the amounts required by the Safety Responsibility Law not be diminished by contractual limitation, absent express statutory authority therefor, govern the outcome of this case. It would violate the public policy expressed in s 379.203 to permit diminution of coverage by requiring credit for workmen's compensation payments. Hence, we hold that the policy provision requiring reduction of sums payable under the policy by workmen's compensation payments is void. Such holding is consistent with the decision in Steinhaeufel v. Reliance Insurance Companies, supra.").

---

[1] Duplicate payments do not exist because the workers' compensation carrier is paid the statutory amount it is entitled to recover (payments the carrier made) from any proceeds from the employer's UM carrier, which prevents a duplicate payment to the insured. Furthermore, your position is contrary to the Missouri Supreme Court's decision in *Cano*: "Travelers' position on this point is defeated by *Douthet v. State Farm Mutual Automobile Insurance Co.*, 546 S.W.2d 156 (Mo. banc 1977). In *Douthet*, the uninsured motorist carrier undertook to deduct workers' compensation payments received by the plaintiff. The terms of its policy, like the one before us, provided for such a deduction. This Court held that the provision violated § 379.203 and so was invalid. 546 S.W.2d at 159–60. The deduction of the workers' compensation benefits was not permitted." *Cano v. Travelers Ins. Co., 656 S.W.2d 266, 270 (Mo. 1983)*

Liberty Mutual has vast resources; you have had ample time and opportunity to conduct a reasonable and through investigation as to coverage and damages. <u>I once again request that you devote the time and resources necessary to evaluate this claim and to promptly pay your insured the benefits that he is entitled to which the policy and law require.</u>

I will expect to receive your evaluation by July 30, 2021 or I will need to proceed with securing the uninsured motorist benefits Brandon is entitled to in front of a jury, and extracontractual damages as well. Thank you.

Respectfully,

Rick W. Bisher

RWB/rb
Enclosures
      -Medical authorization
      - Workers comp Subro printout (again provided)