Philip D. Ryan
Rick W. Bisher *
Charles T. Simons
Tim Kent

Of Counsel:
Patrick C. Ryan

*RWB Legal Inc.



**RYAN BISHER RYAN & SIMONS**
*Attorneys at Law*
www.rbrlawfirm.com
RBRS Legal Group, PLLC
4323 N.W. 63rd Street, Suite 110
Oklahoma City, Oklahoma 73116-1513
Phone: 405.528.4567 ~ Facsimile: 405.525.2123
Toll Free: 1.800.725.2222



LIFE MEMBER
MILLION DOLLAR ADVOCATES FORUM
MULTI-MILLION DOLLAR ADVOCATES FORUM
The Top Trial Lawyers In America ™

Rick W. Bisher, Esq.
Admitted to the United States Supreme Court and
all Federal and State District Courts in Oklahoma
rbisher@rbrlawfirm.com

Legal Assistants Assigned to R. Bisher:
Dimples Carson – dcarson@rbrlawfirm.com
Teresa Johnson – tjohnson@rbrlawfirm.com
Blanca Hernandez – blanca@rbrlawfirm.com

Wednesday, September 22, 2021

J Mark McAlester
Fenton, Fenton, Smith, Reneau & Moon
Leadership Square
211 North Robinson, Suite 800N
Oklahoma City, OK 73102

      Re: Wichert vs. Liberty Mutual

Dear Mr. McAlster:

      I hope this finds you well. I am not sure if you are engaged in the evaluation of Brandon's uninsured motorist claim, however on August 8, 2021 you sent me a letter that served as a response to my July 10, 2021 correspondence to the carrier and as "an update on the status of this matter". You stated that you were in the process of obtaining the "medical information from the known medical providers" and that you had also "contacted counsel for the worker's compensation insurance carrier in order to obtain all medical records, pleadings, and other relevant documents the insurance carrier may have in their possession." Based on your correspondence I am therefore sending this letter to you and Karen Lyons, the adjustor I understand is assigned to the claim.

      Despite the fact that the activity outlined above could have, and should have, been conducted much earlier, Liberty Mutual continues in its failure to provide its insured, Brandon, with an evaluation of his uninsured motorist claim, or tender an undisputed amount. Liberty Mutual should be most aware that the nondelegable duty of good faith, despite the filing of the petition, requires it to promptly evaluate and pay Brandon's claim. The duty of good faith and fair dealing exists *during the time the claim is being reviewed. Garnett v. Government Employees Insurance Co., 186 P.3d 935 (Okla. 2008); Hale v. A.G. Ins. Co., 138 P.2d 567 (Okla. App. 2006); Newport v. USAA, 11 P.3d 190 (Okla. 2000); Skinner v. John Deere Ins. Co., 998 P.2d 1219 (Okla. 2000); Buzzard v. Farmers Ins. Co., 824 P.2d 1105 (Okla. 1992).*

      In any event I am enclosing a copy of the proof of service for your file and again, Brandon requests an evaluation of his claim by his carrier.

**Practice Areas: Personal Injury · Workers' Compensation · Social Security · Auto Accidents· Nursing Home/Medical Negligence · Insurance Bad Faith · Product Liability · Wrongful Death · Catastrophic Injury Cases**

EXHIBIT "13"

Respectfully,

Rick W. Bisher

RB:rb
Enclosure
Cc:
Karen Lyons
Liberty Mutual Insurance - San Diego, CA
PO Box 515097
Los Angeles, CA 90051