IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON WICHERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-976-D |
| ) | |
| OHIO SECURITY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Presently pending before the Court are Plaintiff's Motion to Compel [Doc. No. 17] under Fed. R. Civ. P. 37(a)(3)(B), and Defendant's Motion for Summary Judgment [Doc. No. 24] under Fed. R. Civ. P. 56. By the latter Motion, Defendant seeks summary judgment in its favor on all claims brought by Plaintiff regarding uninsured motorist (UM) benefits under Defendant's insurance contract with his employer. Defendant asserts that its position regarding choice-of-law and UM coverage issues are dispositive of the case, and for this reason, Defendant has resisted discovery sought by Plaintiff regarding the merits of his claims. Both Motions are fully briefed. *See* Def.'s Resp. Pl.'s Mot. Compel [Doc. No. 22]; Pl.'s Reply Br. [Doc. No. 23]; Pl.'s Resp. Def.'s Mot. Summ. J. [Doc. No. 32]; Def.'s Reply Br. [Doc. No. 38].

**Factual and Procedural Background**

This diversity case originated in state court and was removed in October 2021. Defendant filed a motion to dismiss that was denied in December 2021. In January 2022,

Plaintiff moved for partial summary judgment on an issue regarding his UM claim on which he believes Defendant has taken an incorrect position. Defendant opposed the motion in the manner permitted by Rule 56(d), arguing that the motion was premature and discovery would be needed to respond. Defendant presented the affidavit of its attorney stating that Defendant's investigation of Plaintiff's UM claim was incomplete. Based on Defendant's showing that it would be deprived of a reasonable opportunity to oppose Plaintiff's motion if it were required to prepare a response without conducting discovery, the Court denied Plaintiff's motion without prejudice to a future submission. *See* 3/16/22 Order [Doc. No. 26] at 3, 5.

Paradoxically, at the same time Defendant was opposing Plaintiff's motion as premature, Defendant moved to stay discovery so it could file a motion for summary judgment. Defendant argued that a ruling in its favor on choice-of-law and UM coverage issues to be asserted in its anticipated motion would dispose of the case. On the same day Defendant moved for a stay, Plaintiff filed his Motion to Compel, challenging Defendant's alleged refusal to participate in discovery. Plaintiff argued that the case should not be delayed while waiting for Defendant's potential motion to be filed and resolved. A short time later, Defendant proceeded to file its Motion for Summary Judgment, seeking a judgment in its favor on the existing record.

Despite Defendant's filing of its Motion, the Court agreed with Plaintiff's position regarding discovery and ruled that a stay was not warranted under Rule 26(c) or the Court's inherent authority. *See* 3/16/22 Order at 4-5. In accordance with this ruling, the case was set on the Court's next scheduling conference docket. However, the Court was unable to

2

set a case schedule because the parties filed a Joint Status Report and Discovery Plan that anticipated a resolution of pending motions before conducting discovery. From this procedural history, it appears to the Court that Defendant's summary judgment position has created a bottleneck in the proceedings and that the most expedient course is to address Defendant's Motion without further delay.

### Defendant's Motion for Summary Judgment

Defendant asserts that Missouri law applies to Plaintiff's claim for UM coverage and that Plaintiff is not entitled to coverage under Missouri law, thus defeating the breach of contract and bad faith claims asserted in this case. Defendant bases its position on *Bernal v. Charter County Mutual Insurance Co.*, 2009 OK 28, 209 P.3d 309, in which the Oklahoma Supreme Court held that Texas law applied to the UM claim of an Oklahoma resident who was fatally injured in an automobile accident in Oklahoma. *See* Def.'s Mot. Summ. J. at 8-9. The supreme court based its holding on "[t]he terms of Oklahoma's UM statute, Okla. Stat. tit. 36, § 3636," and the undisputed facts that "the automobile in this single-vehicle accident was registered and principally garaged in Shallowater, Texas." *Id*. ¶¶ 13, 14; 209 P.3d at 316.

To establish the relevant facts in this case, Defendant presents evidence provided by its insured, Re-View Windows, Inc., which is a Missouri corporation headquartered in Kansas City, Missouri. The controller of the corporation, Paul Follette, states in his affidavit that the insured vehicle involved in the accident was registered and "primarily garaged" in Missouri. *See* Follette Aff. [Doc. No. 24-2] ¶¶ 5, 7. He also states that "[a]t certain times, the Vehicle was temporarily located in the State of Oklahoma due to a project

Re-View's employees were conducting at the Oklahoma State Capitol." *Id*. ¶ 9. At other times, "the Vehicle was temporarily located in the State of Tennessee due to a project Re-View's employees were conducting at the John Sevier State Office Building in Nashville, Tennessee." *Id*. ¶ 10.

Plaintiff resides in Oklahoma and was employed by Re-View Windows, Inc. in May 2019 when he was injured in a motor vehicle accident in Tennessee. Plaintiff disputes Mr. Follette's statements that the subject vehicle was primarily garaged in Missouri and only temporarily located in Oklahoma. Plaintiff relies on his own affidavit stating that he was hired in Oklahoma to perform work on Re-View Windows, Inc.'s project at the state capitol and he worked on the project from April 2018 to May 2019. He states that the subject vehicle was already at the job site in Oklahoma when he started working, that he understands the vehicle had been used there since 2017, and that work on the capitol project lasted "at least two years." *See* Wichert Aff. [Doc. No. 32-1] ¶ 5. Plaintiff states that a co-worker, Brandon Thompson (who was driving at the time of the accident), garaged the vehicle at his home in Oklahoma, drove it to and from work every day, and used it for personal purposes. According to Plaintiff:

> Brandon Thompson was still garaging the vehicle at his house when the accident happened in Tennessee on May 15, 2019. We both traveled back and forth to Tennessee from Oklahoma in the vehicle, while working at the job site in Tennessee.

*Id*. ¶ 4. Plaintiff also provides the affidavit of his attorney to support relief under Fed. R. Civ. P. 56(d), stating that Defendant's refusal to conduct discovery prevents a full response to the Motion and, in particular, a deposition of Mr. Follette is needed to test the statements

4

in his affidavit regarding the registration and location of the vehicle. *See* Bisher Aff. [Doc. No. 32-13] ¶¶ 2-5.[1]

Defendant makes no persuasive response to Plaintiff's showing that he cannot establish critical facts raised by Defendant's Motion without conducting discovery. Defendant discounts the affidavit of Plaintiff's counsel as "half-hearted" and "woefully short" of satisfying the requirements of Rule 56(d). *See* Reply Br. at 9-10. Under the circumstances of this case, the Court disagrees.

The legal authority on which Defendant relies holds that Oklahoma's UM statute mandates coverage only for "a motor vehicle *registered or principally garaged in this state*." *Bernal*, 2009 OK 28, ¶ 14, 209 P.3d at 316 (emphasis in original; quoting Okla. Stat. tit. 36, § 3636(A)). Defendant treats its evidence presented through the affidavit of Mr. Follette as dispositive on these points. But Mr. Follette's statements are conclusory and unsupported by any facts or evidence establishing the vehicle was registered in Missouri or principally garaged in Missouri at the time of the accident.[2] Defendant has blocked Plaintiff's efforts to conduct discovery, and Mr. Follette has not been deposed. It

---

[1] Plaintiff also argues that his bad faith claim requires a separate choice-of-law analysis under *Martin v. Gray*, 2016 OK 114, ¶ 7, 385 P.3d 64, 66, which "holds that a claimed violation of an insurer's implied-in-law duty of good faith and fair dealing presents an independent tort pursuant to *Christian v. American Home Assurance Company* and *McCorkle v. Great Atlantic Insurance Company*, requiring application of the law of the state with the most significant relationship to the alleged violation." In response to this argument, Defendant also relies on the alleged facts that the vehicle was registered and primarily garaged in Missouri. *See* Reply Br. at 8.

[2] Defendant does not provide a certificate of registration for the vehicle or explain Re-View Windows, Inc.'s practices for garaging its vehicles generally or the subject vehicle specifically.

5

is well settled that Rule 56 authorizes summary judgment to be granted "after adequate time for discovery." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In short, for the same reasons that the Court denied Plaintiff's Rule 56 motion without prejudice to resubmission, the Court finds that Defendant's Motion should receive the same treatment.

### Plaintiff's Motion to Compel Discovery

Upon consideration of Plaintiff's Motion, the Court finds it is procedurally flawed. First, the brief exceeds the page limit of LCvR7.1(e), and permission to file an oversized brief was neither sought nor granted. Second, counsel for the parties have not engaged in a sincere attempt to resolve the discovery issues presented by the Motion, both due to Defendant's resistance and Plaintiff's hair-trigger filing. For example, Defendant states in its response that some requests are not opposed (but are viewed as premature or requiring a protective order to preserve confidentiality) and at least one request has been satisfied. *See* Resp. Br. at 24-25.

Rule 37(a)(1) requires a good faith "effort to obtain [discovery] without court action," and LCvR37.1 provides that "this court shall refuse to hear any [discovery] motion" without certification that counsel "have met and conferred in good faith and, after a since attempt to resolve differences, have been unable to reach an accord." The Court finds that the spirit of these rules has not been met under the circumstances and that it should decline to hear Plaintiff's Motion until counsel attempt in light of this Order to resolve their differences without involving the Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [Doc. No. 17] and Defendant's Motion for Summary Judgment [Doc. No. 24] are **DENIED** without prejudice to a future submission.

**IT IS SO ORDERED** this 22nd day of September, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge