IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON WICHERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No. CIV-21-976-D |
| ) | |
| OHIO SECURITY INSURANCE COMPANY, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| ARGONAUT INSURANCE COMPANY, ) | |
| ) | |
| Intervenor. ) | |

**O R D E R**

Currently before the Court is Defendant's Motion to Quash Plaintiff's Deposition Subpoena to Mark McAlester [Doc. No. 76], filed under Fed. R. Civ. P. 45(d)(3) and Fed. R. Civ. P. 26(c)(1). The Motion is fully briefed. *See* Pl.'s Resp. Br. [Doc. No. 80]; Def.'s Reply Br. [Doc. No. 81].

Defendant seeks to prevent Plaintiff from deposing an attorney, Mark McAlester, who played some role in Defendant's handling of Plaintiff's claim for uninsured motorist coverage under his employer's insurance policy. Mr. McAlester has not entered an appearance in the case.[1] Defendant represents that Mr. McAlester is its "former outside

---

[1] Although Mr. McAlester is listed an an attorney on the docket sheet, it appears that his name was mistakenly added when a motion to quash Plaintiff's subpoena was filed on his behalf, as a nonparty to the case. *See* McAlester's Mot. Quash Pl.'s Dep. Subpoena [Doc. No. 83]. In addition to this error, the motion was improperly filed using Mr. McAlester's ECF registration rather than the login credentials of the attorney who electronically signed the motion, in violation of the Court's ECF Policies and Procedures Manual, § I.C. The Clerk will be directed to correct these errors.

counsel in this matter." See Def.'s Mot. Quash at 1. Defendant's Motion invokes Rule 45(d)(3)(A)(iii), which serves to prevent "disclosure of privileged or other protected matter, if no exception or waiver applies." Defendant also seeks a protective order to prevent the disclosure of information allegedly protected by the work product provision of Rule 26(b)(3).

Plaintiff opposes the Motion on the grounds that there are factual, nonprivileged matters within Mr. McAlester's knowledge that are relevant to the parties' claims and defenses. Specifically, Plaintiff identifies a key dispute regarding a signed and dated medical authorization form that his counsel provided to Defendant in July 2021, which Mr. McAlester's firm apparently used to investigate Plaintiff's insurance claim. Defendant has previously denied receiving the document, and its absence from Defendant's claim file remains unexplained by Defendant and its witnesses. Notably, this dispute underlies a separate motion by Defendant asking the Court to impose sanctions against Plaintiff based on his alleged failure to produce a copy of the document in discovery. See Def.'s Mot. Strike Docs. and Witness Test. [Doc. No. 72].

Defendant disputes Plaintiff's characterization of Mr. McAlester's role as performing "claim activities," and asserts that he was retained "to provide legal advice regarding Plaintiff's subject [insurance] claim." See Reply Br. at 3. Defendant admits, however, that documents produced from Mr. McAlester's file show he engaged in the "collection of certain of Plaintiff's medical records." Id. Thus, at this point, the nature of Mr. McAlester's involvement in Defendant's handling of the claim remains unclear.

Defendant's claims of attorney-client privilege and work-product protection regarding Mr. McAlester and others are the subject of a separate discovery dispute regarding Defendant's failure to produce documents from its insurance claim files. By the Order of May 31, 2023 [Doc. No. 85], the Court determined that it could not resolve Defendant's claims without reviewing the withheld documents, and directed Defendant to submit them for *in camera* review. Under these circumstances, the Court finds that it cannot presently determine whether a deposition of Mr. McAlester should be permitted. Although deposing an attorney for an opposing party raises serious concerns, a carefully limited deposition may be appropriate under the standard adopted in *Boughton v. Cotter Corp.*, 65 F.3d 823, 829 (10th Cir. 1995). Under this standard, the inquiry is "broader in scope than the attorney work product rule [and] attorney-client privilege," but one criterion is that "the information sought is relevant and nonprivileged." *Id*.

One thing is clear: The Court will be unable to resolve Defendant's claims of attorney-client privilege and work-product protection before the deposition date set by Plaintiff's subpoena to Mr. McAlester. Therefore, the Court finds that Mr. McAlester should be relieved from his obligation to appear for a deposition on June 6, 2023, under the current subpoena. The Court may authorize Plaintiff to reissue the subpoena, however, if Defendant fails to establish its claims of privilege. Further, considering Defendant's representation that it has obtained Mr. McAlester's attorney file and produced nonprivileged portions to Plaintiff (*see* Mot. Quash, ¶ 7), the Court finds that Defendant should be required to prepare a privilege log for the documents withheld from production,

as required by Fed. R. Civ. P. 26(b)(5).   Finally, the Court defers for future consideration whether an award of expenses should be made under Fed. R. Civ. P. 26(c)(3).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Quash Plaintiff's Deposition Subpoena to Mark McAlester [Doc. No. 76] is **GRANTED in part**, as set forth herein.   Mr. McAlester need not appear for a deposition on June 6, 2023, as directed by Plaintiff's subpoena, but he may be required to testify in the future.   Defendant shall provide to Plaintiff within 14 days from the date of this Order, a privilege log regarding documents in Mr. McAlester's file that were withheld from production.

**IT IS FURTHER ORDERED** that the Clerk shall remove Mr. McAlester as an attorney of record for Defendant (*see supra* note 1) and strike the Motion to Quash Plaintiff's Deposition Subpoena [Doc. No. 83] that was improperly filed on his behalf.

**IT IS SO ORDERED** this 1st day of June, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge