UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON WICHERT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-21-976-D ) |
| OHIO SECURITY INSURANCE COMPANY, | ) ) ) |
| Defendant, | ) ) |
| ARGONAUT INSURANCE COMPANY, | ) ) ) |
| Intervenor. | ) |

## ORDER

Three motions filed by Plaintiff are currently before the Court: 1) Plaintiff's Second Motion for Partial Summary Judgment [Doc. No. 59]; 2) Plaintiff's Motion to Supplement His Second Motion for Partial Summary judgment [Doc. No. 97]; and 3) Plaintiff's Motion to File [Third] Motion for Summary Judgment [Doc. No. 98]. Although only the first motion is fully briefed, the Court finds that in light of the August 2, 2023 deadline to file dispositive motions, an expeditious ruling should be made.

Motion #1 seeks a determination under Fed. R. Civ. P. 56 of two discrete issues related to Plaintiff's claim for uninsured motorist (UM) benefits under Defendant's insurance contract with his employer. Plaintiff renews a motion that he filed at the outset of the case and that was denied under Rule 56(d) without prejudice to resubmission after discovery. This Motion is different from his first one in that it adds facts and arguments

based on information learned through discovery, and raises an additional issue. Plaintiff apparently seeks to adjudicate issues bearing on Defendant's liability for insurer's bad faith, requesting a determination that Defendant took legal and factual positions during the adjustment of Plaintiff's UM claim that were "incorrect and unreasonable as a matter of law." *See* Mot. Partial Summ. J. at 1 (ECF page numbering).

Defendant has again responded in the manner permitted by Rule 56(d) by asserting Plaintiff's Motion "remains highly premature, as discovery in this case is far from complete." *See* Resp. Br. [Doc. No. 75] at 1. As before, Defendant asserts that it intends to move for summary judgment on a choice-of-law issue that it believes may impact the resolution of Plaintiff's claims. Plaintiff has replied [Doc. No. 77] but does not address in a meaningful way Defendant's Rule 56(d) position, including the fact that Plaintiff had not been deposed when the briefs were filed.

Without conceding that Motion #1 was premature, Plaintiff seeks by Motion #2 to add evidentiary materials subsequently obtained in discovery that he believes support his position on the pending summary judgment issues. Although the relief sought by Motion #2 is unclear, Plaintiff apparently proposes to file the supporting exhibits without supplemental briefing that would connect them to his statement of allegedly undisputed facts or his legal arguments. *See* Mot. Suppl., ¶ 6. By Motion #3, Plaintiff asks to file another summary judgment motion that would seek a ruling in his favor on the choice-of-law issue.

Upon consideration of Plaintiff's Motions #1, #2 and #3, the Court finds that Plaintiff's piecemeal approach to summary judgment motions and briefing is contrary to

the spirit of Rule 56 and the Local Civil Rules. The purpose of the briefing limits and deadlines in LCvR7.1, and the directions of LCvR56.1 regarding summary judgment motions and briefs, is to prevent the sort of haphazard motion practice in which Plaintiff and his counsel have engaged. It is an inefficient use of judicial resources, and wasteful of the parties' time, to engage in this fragmented and disorderly approach to the resolution of any dispositive issues that can be decided before trial.

Under the circumstances presented, the Court finds that all Plaintiff's Motions should be denied but that he should be permitted one last opportunity to file a motion for summary judgment in compliance with the federal and local rules.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion for Partial Summary Judgment [Doc. No. 59], Motion to Supplement His Second Motion for Partial Summary judgment [Doc. No. 97], and Motion to File [Third] Motion for Summary Judgment [Doc. No. 98] are **DENIED**, without prejudice to Plaintiff's filing one motion for summary judgment on all dispositive issues. Any such motion and brief must fully comply with LCvR7.1 and LCvR56.1, and be filed not later than August 11, 2023. Defendant's dispositive motion deadline is also extended to August 11, 2023.

**IT IS SO ORDERED** this 1st day of August, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge